

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00027-CV
_____

EQUITY BANK, SSB, Appellant

V.

ED N. DECKER, INDIVIDUALLY, AND AS TRUSTEE
OF THE DECKER FAMILY TRUST, Appellee

On Appeal from the 62nd Judicial District Court
Franklin County, Texas
Trial Court No. 10,532

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In March 2006, Equity Bank, SSB, now known as Triumph Savings Bank, SSB, sued Ed N. Decker, individually, and as trustee of the Decker Family Trust, seeking to recover the remaining debt on two notes executed in 2004. In March 2007, the trial court granted a partial summary judgment in favor of Equity Bank on one of the notes. In April 2007, the court severed the case into two causes of action, one for each note. The partial summary judgment became final upon the signing of the severance order, leaving only the present case. In his answer, Decker asserted the affirmative defenses of failure of consideration and statute of frauds and counterclaimed for breach of contract, breach of fiduciary duty and negligence. After a bench trial, the trial court held that Equity Bank take nothing against Ed N. Decker, individually, and as trustee, and that Decker was entitled to attorney's fees of $5,000.00.[1] The trial court did not award any damages or other affirmative relief.

On appeal, Equity Bank argues that the trial court erred in awarding attorney's fees to Decker because he failed to recover on any claim for which he could recover attorney's fees.

We reverse the trial court's award of attorney's fees to Decker because he failed to recover damages or other affirmative relief.

We review de novo a trial court's ruling regarding attorneys' fees. *Berg v. Wilson*, 353 S.W.3d 166, 182 (Tex. App.—Texarkana 2011, pet. denied); *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537 (Tex. App.—Dallas 2005, no pet.).

---

[1]The trial court also awarded Decker $6,500.00 in attorney's fees in the event Equity Bank filed an unsuccessful appeal, and an additional $3,500.00 in the event of an unsuccessful appeal to the Supreme Court of Texas.

Attorney's fees are recoverable from an opposing party only as authorized by statute or by contract between the parties. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). The judgment does not award Decker any affirmative relief and therefore he is not entitled to the award of an attorney's fee. Even if the judgment could be construed to find that Equity breached a contract, no recovery for attorney's fees would be allowed here. "To recover under Section 38.001, a party must be a prevailing party and be awarded damages." *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 564 (Tex. App.—Texarkana 2003, pet. denied)[2] (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). In order to recover fees, Decker must (1) prevail on his claim for breach of contract[3] and (2) recover damages.[4] TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008); *MBM Fin. Corp.*, 292 S.W.3d at 666; *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004).

Accordingly, we reverse the trial court's award of attorney's fees and render judgment that no attorney's fees are awarded.

Jack Carter
Justice

Date Submitted:      August 15, 2012
Date Decided:        August 16, 2012

---

[2]"[We] hold that 'prevailing party' means the 'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Flagship Hotel, Ltd.*, 117 S.W.3d at 565.

[3]A defendant who successfully defends against a plaintiff's breach of contract claim is not entitled to attorney's fees. *G.R.A.V.I.T.Y. Enters.*, 177 S.W.3d at 548.

[4]The requirement of damages is implied from the statute's language, "in addition to the amount of a valid claim," so the claimant must recover some amount on that claim. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009).